IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CASE NO. 3:21-cv-00621-jdp

ESTATE OF VIOLET GORSKI,
By its Personal Representative
Paul G. Gorski,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

### DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant The Prudential Insurance Company of America ("Prudential") hereby files its Answer and Defenses to the Complaint (the "Complaint") filed by Plaintiff Estate of Violet Gorski (referred to hereinafter as "Plaintiff"),[1] and states as follows:

### PARTIES

1. Prudential is without knowledge sufficient to admit or deny the allegations of paragraph 1. Accordingly, Prudential denies the allegations of paragraph 1.

2. Admitted.

### FACTUAL BACKGROUND

3. Prudential admits that it issued a long-term care insurance policy to Mrs. Gorski (the "Policy"). The Policy speaks for itself, and Prudential denies the characterization of the Policy

---

[1] Plaintiff brings this action as the Estate of the decedent Violet Gorski, who passed away on November 8, 2020. The now-deceased insured, Violet Gorski, is hereinafter referred to as "Mrs. Gorski."

in this paragraph to the extent it varies from the express terms of the Policy.  Prudential denies any remaining allegations in this paragraph.

4.      Prudential is without knowledge sufficient to admit or deny the allegations of paragraph 4.  Accordingly, Prudential denies the allegations of paragraph 4.

5.      Prudential admits that Mrs. Gorski began receiving benefits under the Policy on August 8, 2018.  Prudential sent a correspondence granting such benefits on July 25, 2018 under the condition that Mrs. Gorski remain eligible for such benefits.

6.      Prudential admits that a comprehensive assessment was performed to determine Mrs. Gorski's physical and cognitive status in July of 2019.  This assessment occurred on July 12, 2019.  Prudential denies any remaining allegations in this paragraph.

7.      Prudential admits that on July 22, 2019, Prudential terminated Mrs. Gorski's benefits because the July 12, 2019 comprehensive assessment and further review by a registered nurse indicated that Mrs. Gorski was no longer Chronically Ill pursuant to the terms of the Policy and thus no longer eligible for benefits.  Prudential admits that Plaintiff's benefits were not payable after July 22, 2019.  Prudential denies any remaining allegations in this paragraph.

8.      Prudential admits that after Prudential determined that Mrs. Gorski was no longer eligible for benefits, Mrs. Gorski's representative sent Prudential an August 9, 2019 note purportedly from Dr. Lazminarayana stating among other things that Mrs. Gorski "needs help" with certain "daily activities."  The note did not include supporting medical records.  Prudential denies any remaining allegations in this paragraph.

9.      Prudential admits that after Prudential determined that Mrs. Gorski was no longer eligible for benefits, Mrs. Gorski's representative sent Prudential a September 20, 2019 note stating that Mrs. Gorski's "medical conditions have worsened and her care needs have increased."

The note did not include supporting medical records.  Prudential denies any remaining allegations in this paragraph.

10.  Prudential is without knowledge sufficient to admit or deny the allegations of paragraph 10.  Accordingly, Prudential denies the allegations of paragraph 10.

11.  Prudential admits that it received the August 9, 2019 and September 20, 2019 notes referenced in the preceding paragraphs.  Prudential denies receipt of the January 24, 2020 note referenced in paragraph 10.  Prudential admits that Mrs. Gorski authorized release of her personal medical information.  Prudential denies any remaining allegations in this paragraph.

12.  Prudential admits that Mrs. Gorski's representative attempted to initiate an appeal of the benefit eligibility decision but Prudential did not receive the required documentation for a complete appeal review.  Prudential denies any remaining allegations in this paragraph.

13.  The Policy speaks for itself, and Prudential denies the characterization of the Policy in this paragraph to the extent it varies from the express terms of the Policy.

14.  Prudential admits only that it received documentation that Mrs. Gorski resided in an assisted living facility during the period described in this paragraph and that Mrs. Gorski's claim was properly denied.  Prudential denies all remaining allegations in this paragraph.

15.  Prudential admits only that it received documentation that Mrs. Gorski resided in an assisted living facility during the period described in this paragraph and that Mrs. Gorski's claim was properly denied.  Prudential denies all remaining allegations in this paragraph.

16.  Denied.

17.  Denied.

## FIRST CAUSE OF ACTION:
## CLAIM FOR BENEFITS

18. Prudential realleges and incorporates herein its responses to all preceding paragraphs.

19. Denied.

20. Prudential admits only that it properly terminated Mrs. Gorski's benefits and that benefits were not payable to Mrs. Gorski after July 22, 2019. Prudential denies all remaining allegations in this paragraph.

21. Prudential admits that the Policy was in effect during the period in which Mrs. Gorski's benefits were terminated. Prudential denies all remaining allegations in this paragraph.

22. Denied.

23. Denied.

24. Prudential admits that Mrs. Gorski's representative attempted to initiate an appeal of the benefit eligibility decision but Prudential did not receive the required documentation for a complete appeal review. Prudential denies any remaining allegations in this paragraph.

25. Prudential admits that benefits were not payable to Mrs. Gorski after July 22, 2019. Prudential denies any remaining allegations in this paragraph.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

26. Prudential realleges and incorporates herein its responses to all preceding paragraphs.

27. Prudential admits that the Policy was in effect. The Policy speaks for itself, and Prudential denies the characterization of the Policy in this paragraph to the extent it varies from the express terms of the Policy.

28. Denied.

29. Denied.

30. Denied.

### THIRD CAUSE OF ACTION:
### BAD FAITH

31. Prudential realleges and incorporates herein its responses to all preceding paragraphs.

32. Admitted.

33. The Policy speaks for itself, and Prudential denies the characterization of the Policy in this paragraph to the extent it varies from the express terms of the Policy.

34. Prudential denies all allegations in Paragraph 34 and all allegations in the corresponding subparagraphs a-d.

35. Denied.

36. Denied.

Prudential denies that Plaintiff is entitled to a judgment or to any of the relief sought in the WHEREFORE clause set forth on pages 5-6 of the Complaint. Judgment should be entered in Prudential's favor and the Complaint should be dismissed with prejudice.

### AFFIRMATIVE AND OTHER DEFENSES

#### First Defense

The Complaint fails to state a claim upon which relief can be granted against Prudential.

**Second Defense**

The claims asserted in the Complaint are barred in whole or in part, to the extent that Plaintiff failed to adhere to and perform contractual conditions or failed to comply with the terms and conditions of the policy.

**Third Defense**

All claims asserted in the Complaint are barred because Plaintiff is not due any benefits under the Policy.

**Fourth Defense**

All claims asserted in the Complaint are barred because Prudential did not engage in any unlawful conduct, and no act or omission of Prudential caused the Plaintiff any injury, including the injury alleged in the Complaint.

**Fifth Defense**

All claims asserted in the Complaint are barred by the express terms and conditions of the Policy.

**Sixth Defense**

All claims asserted in the Complaint are barred, in whole or in part, because Prudential did not breach any common law, statutory, or contractual duty owed to Plaintiff.

**Seventh Defense**

Prudential appropriately determined that Plaintiff's condition did not qualify Plaintiff for long-term care benefits.  Accordingly, all claims for costs, pre-judgment interest, and attorney's fees are barred because at all times Prudential has acted in compliance with its contractual duties and in good faith in dealing with Plaintiff and her claim for benefits.

**Eighth Defense**

Prudential is not responsible for any damages caused in whole or in part by the independent, intervening, or superseding acts of third parties.  Prudential is not responsible and is not the legal or proximate cause of any damages resulting from any acts.

**Ninth Defense**

Prudential denies that Plaintiff has suffered any damage, loss or harm as alleged in the Complaint.  Nevertheless, to the extent Plaintiff has suffered any damage, loss, or harm, it is a result of Plaintiff's failure to mitigate such damage, loss, or harm.

**Tenth Defense**

To the extent that other persons or entities, rather than Prudential, are at fault with respect to the matters complained of in the Complaint, and/or the alleged harm or damages suffered, any recovery by Plaintiff should be reduced by the proportion of such harm or damages, if any, caused by said other persons or entities.

Prudential reserves its right to assert all other defenses and to add any other affirmative defenses as may be revealed by further investigation and discovery in this case.

WHEREFORE, Defendant, The Prudential Insurance Company of America, having fully and completely responded to each and every allegation and claim in the Complaint, prays that Plaintiff take nothing, that this action be dismissed in its entirety with prejudice, that Prudential recover its attorneys' fees and costs for defending this action, and for such other and further relief as the Court deems just and proper.

Dated: October 22, 2021              Respectfully submitted,

/s/ Enrique D. Arana
Enrique D. Arana (admitted *pro hac vice*)
earana@carltonfields.com
Raina T. Shipman (admitted *pro hac vice*)
rshipman@carltonfields.com
CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

Catherine A. La Fleur (State Bar No. 1000545)
clafleur@lafleurlawfirm.com
La Fleur Law Office, S.C.
313 North Plankinton Avenue, Suite 429
Milwaukee, Wisconsin 53203
Telephone: (414) 219-9030
Facsimile: (414) 918-4635

*Attorneys for Defendant*
*The Prudential Insurance Company of America*

-9-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of October, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

    Jeffrey T. Nichols, Esq.
    Michael A. Emer, Esq.
    Crivello Carlson, S.C.
    710 North Plankinton Avenue, #500
    Milwaukee, Wisconsin 53203
    Telephone:  (414) 271-7722
    Facsimile:  (414) 271-4438
    jnichols@crivellocarlson.com
    memer@crivellocarlson.com

    *Counsel for Plaintiff*



    /s/  Enrique D. Arana

127546172